# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN ESTEEN** | **CIVIL ACTION** |
| **versus** | **NO. 09-5450** |
| **N. BURL CAIN** | **SECTION: "A" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, John Esteen, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On October 27, 2000, he was convicted in the Louisiana Twenty-Fourth Judicial District Court of two counts of possession of four hundred grams or more of cocaine, one count of attempted possession of four hundred grams or more of cocaine, and one count of

conspiracy to possess four hundred grams or more of cocaine.[1]  On November 3, 2000, he was

sentenced to fifty years imprisonment on each of the possession convictions, twenty-five years on

the attempted possession conviction, and twenty-five years on the conspiracy conviction.  It was

ordered that the sentences be served consecutively.[2]  On December 11, 2000, he was found to be a

multiple offender and was resentenced as such on the conspiracy conviction to a consecutive term

of twenty-five years imprisonment.[3]  On May 15, 2002, the Louisiana Fifth Circuit Court of Appeal

affirmed petitioner's convictions and sentences.[4]  The Louisiana Supreme Court then denied his

related writ application on December 13, 2002.[5]

On December 13, 2004, petitioner, through counsel, filed with the Louisiana Twenty-

Fourth Judicial District Court an application for post-conviction relief.[6]  That motion was denied on

December 29, 2004.[7]  His related writ applications were then likewise denied by the Louisiana Fifth

---

[1]  State Rec., Vol. XXIX of XXXIII, transcript of October 27, 2000, pp. 108-09; State Rec., Vol. X of XXXIII, minute entry dated October 27, 2000; State Rec., Vol. X of XXXIII, jury verdict form.

[2]  State Rec., Vol. XXIX of XXXIII, transcript of November 3, 2000, p. 11; State Rec., Vol. XXI of XXXIII, minute entry dated November 3, 2000.

[3]  State Rec., Vol. XXIX of XXXIII, transcript of December 11, 2000; State Rec., Vol. XI of XXXIII, minute entry dated December 11, 2000.

[4]  State v. Esteen, 821 So.2d 60 (La. App. 5th Cir. 2002) (No. 01-KA-879); State Rec., Vol. XIV of XXXIII.

[5]  State v. Esteen, 831 So.2d 983 (La. 2002) (No. 2002-K-1540); State Rec., Vol. XIV of XXXIII.

[6] State Rec., Vol. XVIII of XXXIII.

[7] State Rec., Vol. XVIII of XXXIII, Order dated December 29, 2004.

Circuit Court of Appeal on March 22, 2005,[8] and the Louisiana Supreme Court on October 13, 2006.[9]

On September 13, 2007, petitioner filed with Louisiana Twentieth Judicial District Court an "Application for Post Writ of Habeas Corpus."[10] That application was denied on September 17, 2007.[11]

On or about September 20, 2007, petitioner filed with the Louisiana Twenty-Fourth Judicial District Court a "Motion for Amending or Modifying of Sentence."[12] That motion was denied on October 3, 2007.[13]

---

[8] State v. Esteen, No. 05-KH-112 (La. App. 5th Cir. Mar. 22, 2005) (unpublished); State Rec., Vol. XVIII of XXXIII.

[9] State *ex rel.* Esteen v. State, 939 So.2d 361 (La. 2006) (No. 2006-KH-0924); State Rec., Vol. XX of XXXIII.

[10] State Rec., Vol. XXXIII of XXXIII. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Petitioner's application was signed September 13, 2007, which is the earliest date the application could have been given to prison officials for mailing and considered "filed."

[11] State Rec., Vol. XXXIII of XXXIII, Judgment dated September 17, 2007.

[12] State Rec., Vol. XX of XXXIII. Petitioner did not date the motion; however, it was file-stamped by the clerk of court of September 20, 2007.

[13] State Rec., Vol. XX of XXXIII, Order dated October 3, 2007.

On October 1, 2007, petitioner filed with Louisiana Twentieth Judicial District Court a "Motion to Render Judgment on Constitutionality of LSA R.S. 15:1310(F)(2)."[14] That application was denied on October 22, 2007.[15]

On March 7, 2008, petitioner filed with the Louisiana Twenty-Fourth Judicial District Court another application for post-conviction relief.[16] That motion was denied on March 20, 2008.[17] His motion for reconsideration[18] was likewise denied on April 28, 2008.[19] His related writ applications were then denied by the Louisiana Fifth Circuit Court of Appeal on June 16, 2008,[20] and the Louisiana Supreme Court on April 24, 2009.[21]

On July 31, 2009, petitioner filed the instant federal application for *habeas corpus* relief.[22] In support of his application, he claims that La.Rev.Stat.Ann. § 15:1310(F)(2) is

---

[14] State Rec., Vol. XXXIII of XXXIII. Petitioner signed the motion on October 1, 2007.

[15] State Rec., Vol. XXXIII of XXXIII, Order dated October 22, 2007.

[16] State Rec., Vol. XX of XXXIII. Petitioner signed the application on March 7, 2008.

[17] State Rec., Vol. XX of XXXIII, Order dated March 20, 2008.

[18] State Rec., Vol. XX of XXXIII.

[19] State Rec., Vol. XX of XXXIII, Order dated April 28, 2008.

[20] Esteen v. State, No. 08-KH-458 (La. App. 5th Cir. June 16, 2008) (unpublished); State Rec., Vol. XX of XXXIII.

[21] State *ex rel.* Esteen v. State, 7 So.3d 1194 (La. 2009) (No. 2008-KH-1666); State Rec., Vol. XX of XXXIII.

[22] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his federal application on July 31, 2009, which is the earliest date he could have presented it to prison officials for mailing.

unconstitutional. He additionally asserts that his trial and appellate counsel were ineffective in failing to challenge the statute's constitutionality and that the state courts improperly denied his claim.

The state contends that petitioner's federal application is untimely.[23] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[24]

---

[23]  Rec. Doc. 8.

[24]  Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

The Court notes that § 2244(d)(1)(D) delays the commencement of the federal limitations period if a petitioner's claim is based on a "factual predicate" which could not have been discovered previously through the exercise of due diligence. The Court further notes that petitioner alleges that his claims are based on "newly discovered facts." If that allegation is construed as an argument that § 2244(d)(1)(D) is applicable in the instant case, that argument has no merit. Petitioner's claims are not based on newly discovered *facts*; instead, they are premised on a *new legal argument* that La.Rev.Stat.Ann. § 15:1310(F)(2) is unconstitutional. The fact that petitioner may have been previously unaware of that legal argument is insufficient to trigger the provisions of § 2244(d)(1)(D). See, e.g., Batiste v. Louisiana, Civ. Action No. 09-2558, 2009 WL 1649476, at *3 (E.D. La. June 10, 2009) (Zainey, J.); see also Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001) ("[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance."); Martin v. Franklin, No. 09-CV-408, 2009 WL 5067514, at *4 (N.D. Okla. Dec. 16, 2009); Williams v. Mullins, No. CIV-08-1303, 2009 WL 2706542, at *4 (W.D. Okla. Aug. 27, 2009); O'Dell v. Schriro, No. 08-cv-1400, 2009 WL 2413409, at *3 (D. Ariz. Aug. 6, 2009); Smith v. Hulick, No. 07 C 354S, 2008 WL 4547488, at *2 (N.D. Ill. Apr. 23, 2008).

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on December 13, 2002. Therefore, under § 2244(d)(1)(A), his convictions became "final" no later than March 13, 2003, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, petitioner's one-year period for seeking federal *habeas corpus* relief commenced on that date and expired on March 15, 2004,[25] unless that deadline was extended by tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no such state applications pending at any time during the period from March 13, 2003, through March 15, 2004.[26] Accordingly, he clearly is not entitled to statutory tolling.

---

[25] Because March 13, 2004 was a Saturday, the limitations period was extended through the following Monday. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

[26] The Court notes that petitioner filed several state post-conviction applications and motions after March 15, 2004. However, state applications filed after the expiration of the federal statute of limitations have no bearing on the timeliness of a *habeas* petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before March 15, 2004, in order to be timely. His federal application was not filed until July 31, 2009, and it is therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by John Esteen be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of January, 2010.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**